WATSON, Judge.
Defendant, Wilmar Plywood, Inc., has appealed from an award of damages to plaintiffs: Ava Lee Demery; Ava Lee Demery, *742 on behalf of her minor children, Jerry Dem-ery and Terry Demery; and the other Dem-ery children, Willie Lee Demery, Lee Edward Demery, Lucille Demery Brady, Betty Jean Demery Brady, Robert Lee Demery, Jimmy Lee Demery, Lee Roy Demery and Essie Lee Demery. Ava Lee Demery was given judgment for $2,000 and the children, heirs of her late husband, Garrett Demery, judgment for another $2,000.
The trial court found that Wilmar’s discharge of large quantities of water and waste material damaged plaintiffs’ two-acre tract in Natchitoches Parish, Louisiana.
A companion suit, docket # 5511, Demery v. Wilmar Plywood, Inc., La.App., 338 So.2d 744, was filed as an intervention. However, a separate judgment was signed in favor of the intervenor and it is treated as a separate appeal. Lee Edward Demery, who owns a nearby tract about one-half acre in size, was awarded $575 and Wilmar has also appealed from this judgment. A separate opinion has been rendered this date in # 5511.
Wilmar filed third party demands against the Texas & Pacific Railway Company in both suits, alleging that the Texas & Pacific had obstructed the natural drainage and was liable for any damages for which Wil-mar might be cast. The judgments dismissed the third party demands against the Texas & Pacific Railway.
Wilmar contends on appeal that:
(1) the Demery estate is servient to the drainage from Wilmar;
(2) the railroad caused the problem by failure to clear its right-of-way; and
(3) the awards, totaling $4,575.00, are excessive and not supported by the evidence.
The issues are essentially factual.
FACTS:
The plywood plant was purchased by Wil-mar from Columbia Southern in 1971. A re-circulating pond was installed to sprinkle logs at the rate of about 2400 gallons an hour or 37,000 gallons a day. The re-circulating pond is filled by wash-down water used to clean the plant and by a fresh water system when it runs low. The debris from the logs is re-circulated back into the pond and periodically cleaned out. The capacity of the pond is about a million gallons.
The Demery property is south of the plywood plant and at a lower elevation. The east boundary of both Wilmar and Demery is the Texas & Pacific railroad line. South of the Demery property is a pond which has now enlarged to cover most of the property.
According to Ava Lee Demery, she and Garrett had eleven children, the oldest, Willie Pearl, being 35, and the youngest, Terry, being 15. Ava Lee and Garrett lived on their two acres of ground during the marriage, and Ava Lee remained after his death until the house caught fire in October of 1974. She testified that she was unable to rebuild because of the water from the plywood plant. She said the debris and water caused her chickens, ducks and geese to die; she was unable to continue with her garden; her toolshed and chickenhouse rotted down; her fig and peach trees were killed. Mrs. Demery testified repeatedly that there was natural drainage over the property before the plywood plant was built, but the water started backing up after construction of the plant.
Lee Edward Demery testified that he bought his half-acre in 1967 with a house on it. According to him, he is no longer able to raise hogs, or a garden because of the water and debris from the plywood plant.
Pete Lubcker, a witness for Wilmar, said it was possible for the re-circulating pond to overflow. Lubcker admitted that the construction and operations of the plywood plant altered the natural flow of water in the area; and that the alteration in the natural drainage caused an overflow onto the Texas & Pacific railroad tracks.
John R. Bauman, a civil engineer, testified as an expert for Wilmar and said that the underbrush on the edge of the Demery property has shavings and bark in it which impede the flow of water. Bauman also said that the railroad allowed a drainage *743 pipe under their tracks to become clogged or blocked.
E. H. Morton, roadmaster of the Texas & Pacific Railroad, testified that he has been in charge of the track in the area and responsible for maintenance of the roadbed since 1967. Morton had complained to Wil-mar, because a manmade ditch cut by the plywood plant caused a build-up of bark and shavings, which were blocking drainage across the right-of-way. There was erosion under the ties as a result, but Wilmar changed back to the natural drainage after Morton complained. According to Morton, the 54" culvert under the railroad allows drainage and has not been blocked.
ISSUES:
The issues are:
(1) whether there is manifest error in the trial court’s conclusion that the railroad was not at fault; and
(2) whether the awards of damages are supported by the evidence.
LIABILITY OF THE RAILROAD:
There is ample evidence to support the trial court’s decision that the problem was caused by the quantity of water utilized by Wilmar and not by the railroad. While Wilmar argues strongly that the railroad blocked the drainage by allowing brush to grow on the right-of-way, by allowing vines to grow at the top of the pipe and by allowing the bottom of the drain pipe to silt up, we find the testimony to be weak and unconvincing on these charges, as apparently did the trial judge. The plywood plant altered the natural drainage with the discharge of extreme amounts of water, as well as wood chips and other debris. The evidence does not establish that the railroad obstructed or interfered with the natural drainage. After hearing the evidence and personally inspecting the scene, the trial court found the fault to be Wilmar’s and not the railroad’s. We find no manifest error in the conclusion that the railroad was not at fault and in the rejection of Wilmar’s third party demands against the railroad.
DAMAGES:
The testimony of Ava Lee Demery about the inconvenience and loss of assets she suffered and her inability to build a new house on her property because of standing water was accepted by the trial court. We find no abuse of discretion in the award of $2,000 to Ava Lee Demery.
As to the children, the record does not reveal which of them remained with their mother after construction of the plywood plant, and they did not testify as to any damages they suffered. There is also no evidence to support an award for diminution in the value of their father’s estate. Therefore, the award to the heirs of Garrett Demery in the sum of $2,000 must be reversed.
For the foregoing reasons, the judgment of the trial court herein is affirmed in its award to Ava Lee Demery of $2,000. The judgment is also affirmed in its dismissal of the third party demand of Wilmar Plywood, Inc. against the Texas & Pacific Railway Company. The trial court’s award of $2,000 to the children of Ava Lee and Garrett Demery is reversed.
All costs of this appeal are assessed against defendant-appellant, Wilmar Plywood, Inc.
AFFIRMED IN PART; REVERSED IN PART.
HOOD, J., dissents and assigns written reasons.
PETERS, J., dissents for the reasons assigned by HOOD, J.